**REVERSE and REMAND and Opinion Filed August 21, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00013-CV

**CHAD COHEN, Appellant**
**V.**
**TEXAS YOUNG REPUBLICAN FEDERATION, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-18308**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

This is an interlocutory appeal from the denial of a motion to dismiss under the Texas Citizen's Participation Act ("TCPA"). Appellant Chad Cohen moved to dismiss the Texas Young Republican Federation's ("TYRF") claims against him. The trial court granted Cohen's motion in part, but denied it as to claims for common-law trademark infringement and dilution of mark. Cohen contends the TCPA applies, TYRF failed to present a prima facie case of these claims and, even if it did, he established multiple defenses. For reasons that follow, we reverse and remand for further proceedings consistent with this opinion.

## Background

Cohen was one of eleven defendants, all individuals, named in TYRF's original petition, filed on October 23, 2023. TYRF alleged it is a nonprofit corporation that has used the name "Young Republicans" since at least 1957 and is also commonly known as the "Texas Young Republicans." It alleged defendants were previous "members of organizations that were chapters" of TYRF who left TYRF in September 2023 and formed a new organization. Defendants "intentionally and deliberately" named their new organization "the Young Republicans of Texas" with specific intent to confuse others into thinking the new organization was a successor to TYRF. TYRF alleged the name "Young Republicans" is trademarked and that people had "expressed confusion over the different organizations." TYRF asked defendants to cease and desist using the name "Young Republicans," but they continued to use it.

TYRF asserted four claims: breach of contract, tortious interference with prospective business relations, common-law trademark infringement, and dilution of its mark. TYRF also asked the trial court to enjoin defendants from using TYRF's "Young Republicans" trademark. Regarding its claim for common-law trademark infringement, TYRF alleged the name "Young Republicans" was eligible for trademark protection, TYRF used the name prior to defendants' use of the name, and there was a likelihood of confusion between its mark and its competitor's mark that will cause irreparable injury. TYRF also sought to recover for alleged dilution of its

–2–

mark under § 16.103 of the business and commerce code. It alleged defendants' use of the mark blurred TYRF's mark by lowering the uniqueness and individuality of the phrase "Young Republicans" and tarnished its mark by lessening TYRF's reputation and goodwill.

On November 14, 2023, the trial court issued a temporary restraining order enjoining only Cohen from using the "Young Republicans" name without disclaimer. That same day, Cohen moved to dismiss all of TYRF's claims under the TCPA. He argued TYRF's allegations were based on and in response to his exercise of his right of free speech, right to petition, and right of association. Cohen asserted that TYRF could not establish a prima facie case for any of its claims and, even if it did, he could prove two affirmative defenses.

Thereafter, TYRF amended its petition to drop all individual defendants except Cohen and Heath Bell and to add the Young Republicans of Texas, an unincorporated nonprofit association, as a defendant. TYRF added a claim against Bell, but its four other causes of action, brought against all three defendants, did not change.[1]

---

[1] TYRF amended its petition two more times before the trial court's order on the motion to dismiss. The substance of its claims did not change. TYRF alleged in its second amended petition that it was an unincorporated nonprofit association, rather than a nonprofit corporation as previously alleged. It amended its petition a third time because the previous petition still referred to TYRF as a nonprofit corporation in places.

TYRF next filed a response to the motion to dismiss. It argued its claims were excluded from the TCPA under the commercial-speech exemption. In the event the TCPA applied, TYRF asserted it could establish a prima facie case of its claims. TYRF's response included a section titled, "PLAINTIFF CONCEDES COHEN HAS NO LIABILITY FOR HIS ASSOCIATION'S ACTS." TYRF conceded that Texas Business Organizations Code § 252.006 protected Cohen from personal liability for actions carried out by the Young Republicans of Texas, an unincorporated nonprofit association. TEX. BUS. ORGS. CODE ANN. § 252.006(b) (person is not liable for tortious act or omission for which nonprofit association is liable merely because person is member, is authorized to participate in management of affairs of nonprofit association, or is person considered as member by nonprofit association.) Because TYRF did not yet know the date Cohen's organization came into existence, it argued it was possible Cohen's actions were done in his individual capacity prior to formation of the Young Republicans of Texas.

After a hearing on the motion to dismiss, the trial court denied the motion as to TYRF's common-law trademark infringement and mark dilution claims and granted the motion as to TYRF's breach of contract and tortious interference with prospective business relations claims. The court instructed the parties to submit briefing regarding an award of attorney's fees and costs. Cohen timely filed a notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (authorizing interlocutory appeal from order denying TCPA motion to dismiss).

In this interlocutory appeal, Cohen's primary issue is that the trial court erred in denying his motion to dismiss as to TYRF's trademark claims. Cohen contends the TCPA applies, TYRF failed to present a prima facie case and, even if it did, he established multiple defenses. In addition, he also presents his defenses as separate appellate issues. He contends TYRF's claims should be dismissed under the Texas Business Organizations Code because they are properly directed at the Young Republicans of Texas, not him, and argues TYRF lacked capacity to sue because its corporate charter was forfeited.

## TCPA Overview

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. To effectuate this purpose, the Legislature has provided a procedure to expedite the dismissal of claims brought to intimidate or silence a defendant's exercise of these First Amendment rights. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). Specifically, "[i]f a legal action is based on or in response to a party's exercise of the right of free speech, right of petition, or right of association," the TCPA provides that such party "may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a).

We review de novo a trial court's ruling on a TCPA dismissal motion. *Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.). Reviewing such a motion requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). The movant bears the initial burden of demonstrating the legal action is based on or in response to the party's exercise of a protected right and, thus, the statute applies. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)(1). If the movant meets this burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id*. § 27.005(c). If the nonmoving party satisfies this requirement, the burden shifts back to the movant to prove each essential element of any valid defenses as a matter of law. *Id*. § 27.005(d).

### Applicability of the TCPA

We first address whether the TCPA applies in this case. Cohen argued TYRF's allegations about the use of the name "the Young Republicans of Texas" were based on and in response to Cohen's exercise of his right of free speech, right to petition, and right of association. For example, Cohen asserted his right of association was implicated because under the TCPA, the "exercise of the right of association" includes joining together to collectively express, promote, pursue, or defend common interests relating to a matter of public concern. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2). "A matter of public concern" includes a statement or activity regarding a matter of political interest to the community. *Id.* § 27.001(7)(B).

–6–

TYRF has never disputed that its legal action is based on or in response to Cohen's exercise of the right of free speech, right of petition, or right of association. Instead, it claims the TCPA does not apply because its action falls within the commercial-speech exemption. Under that exemption, the TCPA does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer. *Id.* § 27.010(a)(2). The party relying on the commercial-speech exemption has the burden to prove its applicability by a preponderance of the evidence. *Forget About It, Inc. v. BioTE Med., LLC*, 585 S.W.3d 59, 68 (Tex. App.—Dallas 2019, pet. denied). This exemption applies when (1) the TCPA movant was primarily engaged in the business of selling or leasing goods or services; (2) the movant made the statement or engaged in the conduct on which the claim is based in the movant's capacity as a seller or lessor of those good or services; (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of good or services the movant provides; and (4) the intended audience of the statement or conduct were actual or potential customers of the movant for the kind of good or services the movant provides. *Id.* (citing *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam)). The exemption applies only to certain communications made not as a protected

exercise of free speech by an individual, but as commercial speech which does no more than propose a commercial transaction. *Id.*

In its response to the motion to dismiss, TYRF argued the commercial-speech exemption applied because "Cohen and his organization intend to take donations and will presumably be selling goods and services (such as block walking for candidates)." TYRF included a link to a donation page on the website of the Young Republicans of Texas. The webpage states, "We aren't quite ready to accept donations yet, but please fill out the form below to be alerted once we're ready!"

TYRF did not meet its burden to show its claims are exempt from dismissal under the commercial-speech exemption. TYRF's claim that the exemption applies is based on speculation that the Young Republicans of Texas might sell goods and services in the future. At most, TYRF has shown that Cohen's organization, not Cohen personally, intends to one day accept donations. This falls far short of establishing that Cohen is currently primarily engaged in the business of selling or leasing goods or services. *See Backes v. Misko*, 486 S.W.3d 7, 22 (Tex. App.—Dallas 2015, pet. denied) (evidence that parties were competitors in horse breeding business was not evidence defendants were primarily engaged in business of selling or leasing goods or services). The TCPA applies to TYRF's legal action.

## Prima Facie Case

Because Cohen satisfied his initial burden, we move to step two of the burden-shifting analysis—whether TYRF established by clear and specific evidence a prima

facie case for each essential element of its claims for common-law trademark infringement and dilution of mark. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). "Prima facie case" refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). It is the minimum quantum of evidence necessary to support a rational inference that that the allegation of fact is true. *Id.* Evidence is clear and specific if it provides enough detail to show the factual basis for the claim. *USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 200 (Tex. 2023).

To succeed on a common-law claim for trademark infringement, the party seeking an injunction must show: (1) the name it seeks to protect is eligible for protection; (2) it is the senior user of the name; (3) there is a likelihood of confusion between its mark and that of the other user; and (4) the likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy. *All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex. App.—Fort Worth 1999, no pet.). Under § 16.103 of the business and commerce code, the owner of a mark that is famous and distinctive, inherently or through acquired distinctiveness, is entitled to enjoin another person's commercial use of a mark or trade name that begins after the mark has become famous if use of the mark is likely to cause the dilution of the famous mark. TEX. BUS. & COM. CODE ANN. § 16.103(a). "Mark" includes a trademark that is registrable under Chapter 16, regardless of

–9–

whether it is actually registered. *Id.* § 16.001(5). "Dilution" means dilution by blurring or by tarnishment. *Id.* § 16.001(2). Dilution by blurring means an association arising from the similarity between a mark and a famous mark that impairs the famous mark's distinctiveness. *Id.* § 16.001(3). Dilution by tarnishment means an association arising from the similarity between a mark and a famous mark that harms the famous mark's reputation. *Id.* § 16.001(4).

In resolving this appeal, we need not decide whether "Young Republicans" is eligible for trademark protection, and we express no opinion on whether it is. Assuming without deciding that it is, and that TYRF could prove the other elements of trademark infringement and mark dilution, it did not present a prima facie case of either cause of action *against Cohen*. Its proof is devoid of any evidence that Cohen, as opposed to his organization, the Young Republicans of Texas, used the name "Young Republicans."

As prima facie evidence of its claims, TYRF presented three affidavits and various news articles. The articles, which predate the formation of the Young Republicans of Texas, all mention a group named the "Young Republicans" or the "Young Republicans of Texas." The affidavits are from Hunter Bonner, Rhonda Anderson, and Sean Healy, all Texas residents active in various state and local Republican organizations. Bonner, President of the Marion County Republican Assembly, stated that the name "Young Republicans of Texas" created confusion among the members of his community and club because of the similarity to Texas

–10–

Young Republicans. He believed the naming of the new organization was "deliberately done to cause confusion." Anderson stated she works closely with Young Republican groups across the state and could "confirm that the new group using the name Young Republicans of Texas, is confusing to everyone." Healy also stated that the Young Republicans of Texas has caused confusion by using that name and that the confusion is damaging TYRF's reputation.

TYRF's affidavits do not mention Cohen, only his organization. They refer to confusion caused by a new group calling itself the "Young Republicans of Texas" and do not provide any evidence that Cohen as an individual used the alleged trademark "Young Republicans." Because TYRF did not establish a prima facie case of common-law trademark infringement or mark dilution against Cohen, the trial court erred in denying the motion to dismiss these claims. We sustain Cohen's first issue and need not reach his remaining issues. *See* TEX. R. APP. P. 47.1.

We reverse that portion of the trial court's order that denies Cohen's motion to dismiss and remand the cause for further proceedings consistent with this opinion.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

240013F.P05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHAD COHEN, Appellant

No. 05-24-00013-CV          V.

TEXAS YOUNG REPUBLICAN
FEDERATION, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-23-18308.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, we **REVERSE** that portion of the trial court's December 28, 2023 order that denies appellant Chad Cohen's motion to dismiss, and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Chad Cohen recover his costs of this appeal from appellee Texas Young Republican Federation.

Judgment entered this 21st day of August 2024.